48 CCPA

### Application of WISCONSIN WIRE WORKS.

### Patent Appeal No. 6688.

United States Court of Customs and Patent Appeals.

July 21, 1961.

Max C. Louis, Cushman, Darby & Cushman, Washington, D. C., Wheeler, Wheeler & Wheeler, Milwaukee, Wis. (S. L. Wheeler, Milwaukee, Wis., of counsel), for appellant.

Clarence W. Moore, Washington, D. C., for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

SMITH, Judge.

The Trademark Trial and Appeal Board affirmed the examiner's refusal to register applicant's slogan "USE ME NEXT—I'M READY FOR SERVICE" as a trademark for "Fourdrinier Wire Cloth." (124 U.S.P.Q. 183) and applicant appeals.

Appellant seeks to register the slogan as a trademark, on the Principal Register, under Section 2 of the Lanham Act (15 U.S.C.A. § 1052). Registration was refused on the ground that the slogan "is not a trademark."

The rejection fails to point out why the slogan is incapable of functioning as a trademark except that the holding is based on the examiner's opinion that the slogan is "but directionally informational advertising, used as such and not as a trademark." However, the examiner later suggested that he would be willing to receive affidavits of customers and competitors to show secondary meaning. This suggestion appears to indicate that the ground of rejection may be in some way, not clearly stated, related to descriptiveness or lack of secondary meaning of the slogan. However, the sole issue directly raised by the examiner is whether the mark is capable of functioning as a trademark.

If the slogan is incapable of functioning as a trademark then no evidence directed to secondary meaning would be relevant.

The final rejection states that:

"This application has been refused on the ground that the presented expression appears to amount to but

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'Connell, pursuant to provisions of Section 294(d), Title 28 United States Code.

directionally informational advertising. In other words it is believed that it amounts *only* to directionally informational advertising."

The board affirmed the rejection as being based "on the ground that what applicant seeks to register is not a trademark," and this position is reiterated in the solicitor's brief.

Thus, the only issue here is whether appellant's slogan is capable of functioning as a trademark. If it is, registration is mandatory unless it is prohibited for one of the reasons expressly set forth in Section 2 of the Lanham Act (15 U.S. C.A. § 1052).

None of the exceptions to registrability as set forth in Section 2 appears to be applicable in this case and the Patent Office has not asserted any of them.

The rejection here does not appear to directly traverse appellant's position as to the distinctiveness of the slogan but rests solely on the ground the slogan is not a trademark under Section 45.

The definition of a trademark provided in Section 45 of the Lanham Act (15 U.S. C.A. § 1127) is broad enough to include the slogan here in issue as a combination of words "adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those manufactured or sold by others." The sworn statement of applicant that the slogan has been so used thus brings it within the provisions of Section 45.

For the foregoing reasons, the decision of the Trademark Trial and Appeal Board is *reversed.*

Reversed.